# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                    CRIMINAL ACTION NO. 1:08cr116HSO-RHW

DARRYL ALEXANDER

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS
## MISSISSIPPI TITLE III COMMUNICATIONS FOR FAILING
## TO COMPLY WITH SEALING REQUIREMENTS

BEFORE THE COURT is Defendant's Motion to Suppress Mississippi Title III Communications for Failure to Comply with Sealing Requirements, filed August 25, 2009 [98-1], in the above captioned cause. The Government tendered a Response in opposition to Defendant's Motion on August 31, 2009 [101-1]. After due consideration of the evidence of record, the briefs of the parties, and the applicable law, and being otherwise fully advised in the premises, the Court finds that Defendant's Motion should be denied.

## I. FACTUAL BACKGROUND

Following the Government's Application for Interception of Wire Communications, on May 22, 2007, this Court issued an Order authorizing the interception and recording of oral communication for a period not to exceed thirty (30) days. The intercepts commenced on May 22, 2007, and culminated on June 20, 2007. An Order sealing this series of intercepts was entered on June 25, 2007. However, on June 21, 2007, this Court granted an extension of the intercept Order, which was filed on June 22, 2007. Intercepts continued until July 10, 2007. This

Court sealed the disk containing the original intercepts by Order entered on July 12, 2007.

On November 19, 2008, Defendant was arrested in Tennessee on a sealed indictment filed in this district on October 22, 2008. The indictment charges him with violating 21 U.S.C. §§ 841 and 846, namely, knowingly and intentionally possessing with intent to distribute in excess of 5 kilograms of cocaine hydrochloride.

## II. DISCUSSION

Defendant moves this Court to suppress all evidence obtained from the wire interceptions. He contends that such evidence was unlawfully seized in violation of 18 U.S.C. § 2518 (8)(a), which states in pertinent part:

> ...the recordings of the contents of any wire, oral, or electronic communications under this subsection shall be done in such a way to protect the recording from editing and other alterations. Immediately upon the expiration of the period of the Order, or extensions thereof, such recording shall be made available to the Judge issuing such Order and sealed under his directions…. The presence of the seal provided for by this subsection, or satisfactory explanation for the absence thereof, shall be prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom, under subsection (3) of § 5217.

18 U.S.C. § 2518 (8)(a).

According to Defendant the Order to seal was entered four [4] days from the date of expiration from the original order and five [5] days after the interception was terminated. "In addition, there exists a Nunc Pro Tunc Order for sealing of this same information date July 12, 2007, seventeen [17] days from the date of the original order

-2-

and eighteen [18] days after the interception was terminated." Pl.'s Mot. at p. 2. Defendant contends that the immediacy requirement set forth in 18 U.S.C. § 2518 was violated:

> The delay in sealing of the interception as a result of the May 22, 2007, Order, coupled with the absence of evidence of any sealing as a result of the September 11, 2007, Order from the Tennessee Judge, and the delay in sealing of the interceptions as a result of the October 22, 2007, Order by the Tennessee Judge, reflects a complete failure to comply with the immediacy requirements of 18 U.S.C. § 2518(8)(a), and undermines the integrity of the process that the intercepted material had not been altered or tampered with.

Def.'s Mem. In Support of Mot. at p. 6.

The Government contends that "[t]he first wiretap was sealed on June 25, 2007 ... and since the tapes did not need to be sealed until after the extension went down on July 10, 2007, sealing on the 25th was clearly timely." Govt.'s Resp. to Mot. to Suppress at pp. 2, 4.

The United States Supreme Court has considered the immediacy requirement contained in 18 U.S.C. § 2518 and concluded that:

> ...the clear import of these provisions is that the seal required by § 2518(8)(a) is not just any seal but a seal that has been obtained immediately upon expiration of the underlying surveillance order. The "absence" the Government must satisfactorily explain encompasses not only the total absence of a seal but also the absence of a timely applied seal.

*U.S. v. Ojeda Rios,* 495 U.S. 257, 263 (1990).

The Fifth Circuit has held that: "Congress' primary purpose in legislating the sealing requirement was to safeguard recordings from alteration or editing." *United States v. Mendoza,* 574 F.2d 1373, 1377 (5th Cir. 1978). Moreover, "[u]nder federal

law, sealing delays are to be measured from the termination date of the continuous period of interception of a given telephone, regardless of the number or length of judicial orders that have been issued to authorize that surveillance." *United States v. Sklaroff,* 506 F.2d 837, 840 (5th Cir. 1975), *cert. denied,* 423 U.S. 874 (1975).

Numerous other circuits have squarely addressed the immediacy requirement set forth in 18 U.S.C. § 2518 and concluded that where an interception order is entered, sealing of the tapes is not required until the expiration of the extension order. Sealing delays are to be measured from the termination date of the continuous period of interception of a given telephone, regardless of the number or length of judicial orders that have been issued to authorize that surveillance. "Where the intercept is of the same premises and involves substantially the same persons, an extension under these circumstances requires sealing only at the conclusion of the whole surveillance." *United States v. Scafidi,* 564 F.2d 633, 641 (2nd Cir. 1977)(*citing United States v. Principie,* 531 F.2d 1132, 1142 n.14 (2nd Cir. 1976)); *see also United States v. Vasquez,* 605 F.2d 1269, 1275 (2nd Cir. 1979).

The record before the Court indicates that the sealing requirements were complied with, and that the immediacy requirement under 18 U.S.C. § 2518 was satisfied. Accordingly,

**IT IS, ORDERED AND ADJUDGED** that, Defendant's Motion to Suppress Mississippi Title III Communications for Failure to Comply with Sealing Requirements filed August 25, 2009 [98-1], should be, and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 26th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE